UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHARIFF A. JONES,

                Petitioner,

v.                                          9:16-CV-0448
                                                  (DNH/DEP)

THE PEOPLE OF THE STATE
OF NEW YORK,

                Respondent.

---

APPEARANCES:

SHARIFF A. JONES
14-B-3147
Petitioner pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

DAVID N. HURD
United States District Judge

# DECISION and ORDER

## I. INTRODUCTION

Petitioner Shariff A. Jones ("Jones" or "petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Dkt. No. 1, Petition ("Pet."). Petitioner is confined at the Auburn Correctional Facility and paid the filing fee. For the reasons that follow, this action will be dismissed without prejudice.

## II. THE PETITION

Jones challenges a 2014 judgment of conviction in Onondaga County Court of attempted petit larceny and possession of a forged instrument. Pet. at 1.[1] Petitioner states that he appealed his conviction to the Appellate Division, Fourth Department, and that the

---

[1] The cited pages refer to those generated by the Court's electronic filing system ("ECF").

appeal is pending. Pet. at 2 (stating no decision issued "as of April 12, 2016"). Petitioner also states that he filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") §440.10 in the Onondaga County Court. *Id.* at 2-3. Although it is not entirely clear from the petition, it appears that the motion was denied and the Appellate Division denied leave to appeal. *See id.* Petitioner provided no dates for these state court decisions. *Id.*

Jones raises the following grounds for habeas relief: (1) his attorney did not effectively represent him at trial (Ground One); (2) he was denied the right to new counsel when an "irreconcilable difference arose" between him and appointed counsel (Ground Two); (3) the prosecutor withheld evidence (Ground Three); and (4) there is newly discovered evidence showing his innocence (Ground Four). Pet. at 4-5, 7-8. For a complete statement of petitioner's claims, reference is made to the petition.

## III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(I), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, Jones must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court

prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires a petitioner to "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).

In other words, Jones "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167 at *5 (N.D.N.Y. Oct. 10, 2007).

In this case, Jones states that his direct appeal remains pending. Petitioner does not list the claims raised on direct appeal, and it is therefore unclear if any of his habeas claims were raised in that proceeding. *See* Pet. at 2. Petitioner claims that in his CPL §440.10 motion, he argued counsel was ineffective, there was newly discovered evidence, and there was a "Brady Material Violation." Pet. at 2.[2] Grounds One, Three and Four are liberally construed to raise the same claims as those presented in his CPL §440.10, and those three grounds may be exhausted.

But Jones concedes that Ground Two of his petition was not presented to any state court because he "nearly forgot this part of the case because [he] did not go to [trial] with the same judge that arraigned [him]." Pet. at 5. Based upon petitioner's papers, no state court

---

[2] Petitioner also states he argued in his CPL §440.10 motion that the evidence was legally insufficient to support his conviction. Pet. at 2. That claim is not raised as a ground for federal habeas relief.

3

has decided Ground Two, much less the highest state court capable of reviewing it.

There is no basis on the record to conclude that there is an absence of available State corrective processes (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect Jones's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). It is not futile to require petitioner to complete exhaustion of his state court remedies prior to pursuing a federal habeas petition. Once petitioner has raised all of his claims to the highest state court capable of reviewing them, he may then pursue a federal habeas corpus action, if necessary.

Based on the foregoing, this petition is premature and must be dismissed without prejudice. Jones will not be unduly prejudiced by dismissal of this action. Based upon the information in the petition, the timeliness of any subsequent habeas petition under the AEDPA appears not to be a concern in this case. 28 U.S.C. §2244(d);³ *see Foster v. Spitzer*, No. 9:07-CV-0103 (LEK/DRH), 2007 WL 1531904 at *2 (N.D.N.Y. May 24, 2007)

---

³ Under AEDPA, habeas petitions challenging a state-court judgment of conviction are subject to a one-year statute of limitations. The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Gonzales v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed state court applications for relief operate to toll the limitations period so long as the applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548; *Monroe v. Rock*, No. 6:09-CV-6366, 2011 WL 1792926 at *2 (W.D.N.Y. May 10, 2011). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.

Based upon Jones's papers, his direct appeal remains pending. Petitioner's conviction is not yet final, and the one-year limitations period has not begun to run. He should promptly return to state court to exhaust Ground Two of the petition. To avoid problems with the statute of limitations, petitioner should **PROMPTLY** re-file his federal habeas petition, if necessary, upon exhaustion of his state remedies. This Court makes no ruling at this time regarding whether any future petition would be timely or, if not, whether equitable tolling or an equitable exception may apply. *McQuiggin v. Perkins,* __ U.S. __, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

("[b]ased upon the information set forth [in his petition], it appears that Petitioner will have ample opportunity to timely file a § 2254 habeas Petition setting forth his claims once he has exhausted his State court remedies."). Additionally, if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

In sum, the petition is dismissed without prejudice to re-filing one complete petition once Jones has pursued and exhausted all the claims he wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).

## IV. CONCLUSION

Therefore, it is

ORDERED that

1. The petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies;

2. No certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to

28 U.S.C. § 2253(c)(2).[4] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and

3. The Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: May 4, 2016
Utica, New York.

United States District Judge

---

[4] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").